**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERMAN JUAREZ RODAS, | No. 20-73126 |
| Petitioner, | Agency No. A089-813-589 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the Immigration Judge

Submitted January 11, 2022**
Pasadena, California

Before: WALLACE, BOGGS,*** and FRIEDLAND, Circuit Judges.

German[1] Juarez Rodas appeals from the order of an immigration judge

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Danny J. Boggs, Senior Circuit Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

[1] The Government's brief repeatedly refers to the Petitioner, who has been in their custody, as "Germin." His name is German, as nearly every page of the record

denying his requests for relief from removal and finding that he had not established a reasonable fear of persecution or torture in his home country. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we now affirm.

Juarez Rodas, who is a native and citizen of Guatemala, has entered without inspection and been removed from the United States multiple times since 1996. During his most recent removal proceeding, he requested asylum, withholding of removal, and protection under the Convention Against Torture (CAT), claiming that he had been threatened with death the last time he was in Guatemala and was afraid to return home. The asylum officer found Juarez Rodas credible but concluded that he had not established a reasonable fear of persecution or torture. Juarez Rodas appealed to an immigration judge. Although Department of Homeland Security regulations normally require review in such cases to be conducted within ten days, it was three months before the immigration judge affirmed the adverse reasonable-fear determination. *See* 8 C.F.R. § 208.31(g).

Juarez Rodas now argues that the delay in reviewing his claim renders the immigration judge's order invalid, and that the immigration judge should have granted him CAT protection.[2] We disagree on both counts.

---

reflects.

[2] Because Juarez Rodas does not argue that he is entitled to asylum or withholding of removal before this court, any such claims are forfeited.

1. Construing Juarez Rodas's claim of delay as an allegation that he was denied due process, we review this challenge to his reasonable-fear proceeding de novo. *Zuniga v. Barr*, 946 F.3d 464, 466 (9th Cir. 2019) (per curiam).

The relevant DHS regulation states that "[i]n the absence of exceptional circumstances," review from the asylum officer's decision "shall be conducted by the immigration judge within 10 days."[3] 8 C.F.R. § 208.31(g). The asylum officer referred the case to the immigration judge on July 17, 2020, which started the clock running. *Ibid.* A month later, counsel for Juarez Rodas requested an update and stated that Juarez Rodas was in quarantine due to COVID-19. The asylum office, in response to counsel's requests, refiled the referral paperwork with the immigration court on August 19 and again on September 17 (at which time the court finally appears to have taken notice). However, at a scheduled hearing on September 24, Juarez Rodas was again in quarantine; his counsel appeared without him.[4] A hearing was finally conducted with Juarez Rodas present on October 15.

The delays in this case are adequately explained by the "exceptional

---

[3] The relevant timeline is ten days, not seven, because Juarez Rodas is an alien whose previous removal order was reinstated. *Compare* 8 C.F.R. § 208.31(g), *with* 8 C.F.R. § 1003.42(e).

[4] It is unclear whether Juarez Rodas was continuously or sporadically in quarantine (or, indeed, whether he ever contracted COVID-19). The record reflects, however, that during all relevant communications in August and September, Juarez Rodas was quarantined and unavailable.

circumstances" of the COVID-19 pandemic. *See* 8 C.F.R. § 208.31(g). The case was referred in July, but Juarez Rodas was in quarantine and unavailable to attend a hearing in both August and September. When the hearing was finally held in October, the immigration judge explained that "we could not get your case heard within 24 hours or even 7 days . . . a pandemic like Covid-19 creates emergency situations that we need to deal with." The necessities of preventing the spread of a novel virus likely qualify as "exceptional." That being said, the record before us is insufficient to determine whether Juarez Rodas was in quarantine for any portion of the relevant regulatory period, i.e., the ten days immediately following the asylum officer's referral of Juarez Rodas's case on July 17. While the August and September delays seem exceptional and therefore justified, we are in the dark as to July.

But even if the government did violate its own regulations, and exceptional circumstances did not excuse all of the delay, Juarez Rodas is not entitled to relief. "As a predicate to obtaining relief for a violation of procedural due process rights in immigration proceedings, an alien must show that the violation prejudiced him." *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 495 (9th Cir. 2007) (en banc) (quoting *Padilla v. Ashcroft*, 334 F.3d 921, 924–25 (9th Cir. 2003)). Prejudice is a showing "that the alleged violation affected the outcome of the proceedings." *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000). Juarez Rodas claims that the delay in this case

4

"prejudiced" him "because he no longer had a fresh recollection of the events of the interview" with the asylum officer. But Juarez Rodas repeated essentially the same facts to the immigration judge that he had asserted before the asylum officer: someone called him at his home in Guatemala, referred to him by name, and threatened to kill him because (Juarez Rodas suspected) his prior stay in the United States had made him a target. Because nothing about the delay could have affected how the immigration judge viewed the facts or law—after all, he also had access to the asylum officer's interview—Juarez Rodas cannot show that the delay prejudiced him.

Therefore, the delay here did not deprive Juarez Rodas of due process.

2.      We review the decision of the immigration judge for substantial evidence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). As noted above, the only issue before us is whether Juarez Rodas is entitled to relief under the CAT.

In order to demonstrate a reasonable fear of torture to trigger further proceedings on eligibility for CAT protection, a petitioner must show, at the very least, that there is a 10 percent likelihood that upon his return he will be tortured "with the consent or acquiescence of a public official." *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1196 (9th Cir. 2021). Juarez Rodas has not met that burden here. He makes no allegation that public officials were the ones who threatened him, and he made it clear to the asylum officer that he filed a report with the national

5

police and the local district attorney regarding the incident. The mere fact that officials were unable to identify the individuals who threatened Juarez Rodas by telephone does not demonstrate their complicity or acquiescence, nor does the fact that "the situation in [Guatemala] is really bad right now." *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1184 (9th Cir. 2020) (noting that while willful blindness by public officials might show acquiescence, "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice" (quoting *Andrade-Garcia*, 828 F.3d at 836)). We have repeatedly held that serious, pervasive crime alone is not enough to support CAT relief, because of the Convention's government-acquiescence requirement. *Id.* at 1184–85 (collecting cases).

There was substantial evidence for the immigration judge to determine that Juarez Rodas had not demonstrated a reasonable fear of being tortured upon return to Guatemala. He is therefore not entitled to CAT relief.

**AFFIRMED.**